UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

| | |
|---|---|
| TELLONEY GAYLE,<br><br>                              Plaintiff,<br><br>     -against-<br><br>CITY OF NEW YORK, COSSETTE CHRISTIAN, Individually, KATHERINE MURPHY, Individually, JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                              Defendants. | **COMPLAINT**<br><br>Docket No.<br><br><u>Jury Trial Demanded</u> |

---------------------------------------------------------------------------------X

Plaintiff TELLONEY GAYLE, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the United States. Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### **VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff TELLONEY GAYLE is a thirty-nine-year-old male who at all relevant times was incarcerated at the Anna M. Kross Correctional Center (hereinafter "AMKC"), at Rikers Island, East Elmhurst, New York, located in the borough of Queens.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Department of Correction (hereinafter referred to as "DOC"), a duly authorized public authority and/or correction department, authorized to perform all functions of a correction department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, COSSETTE CHRISTIAN, KATHERINE MURPHY, and JOHN and JANE DOE 1 through 10, were duly sworn officers or employees of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On January 5, 2022, at approximately 11:00 a.m., in the AMKC, Dorm 2 Upper bathroom, plaintiff was assaulted by a large group of inmates.

13. Plaintiff was, *inter alia*, punched, his head was slammed into a urinal, and he was stabbed with a sharp weapon multiple times about his body.

14. The vicious attack occurred due to the understaffing of Dorm 2 Upper, which upon information and belief and against proper procedures, was being monitored by only one officer, defendant KATHERINE MURPHY, and due to defendant COSSETTE CHRISTIAN, the area captain assigned to oversee the dorm, and the City's failure to supervise its subordinate officers and to ensure the adequate security of those under its care, custody and control, including plaintiff.

15. After the attack, plaintiff was transferred to West Facility Urgent Care, where he was treated for his injuries.

16. While at West Facility Urgent Care, plaintiff received treatment for, *inter alia*, four puncture wounds to his shoulder and a laceration to his head.

17. Defendant CITY OF NEW YORK and its employees, DOC officers CHRISTIAN, MURPHY, and JOHN and JANE DOE 1 through 10, owed a duty to plaintiff to ensure his safety in its custody.

18. Defendant CITY OF NEW YORK and the individually named defendants breached their duty to plaintiff, resulting in plaintiff sustaining physical and mental injuries while in DOC custody.

19. Plaintiff's injuries were a direct result of the defendants' negligent, inadequate

and/or deliberate failure to protect plaintiff and due to a policy of understaffing and inadequate monitoring of inmates at Rikers.

20. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, prior incidents, including arrests and convictions of correction officers, notices of claims, media coverage, complaints filed with the Inspector General's Office, and from intelligence gathered by Department of Correction Officials) that many DOC officers, including the defendants, are insufficiently trained regarding the proper protection of inmates, and further that Rikers is so under staffed and inadequately monitored, that the CITY OF NEW YORK has effectively ratified a policy and practice of failing to adequately protect inmates.

21. Defendant CITY OF NEW YORK is further aware that such improper training and practices have often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

22. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as correction officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

23. As a result of the foregoing, plaintiff TELLONEY GAYLE sustained, *inter alia*, needless physical injuries, pain and suffering, and emotional distress.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deliberate Indifference to Safety/Failure to Protect under 42 U.S.C. § 1983)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. Defendants knew of and disregarded the excessive risk of harm to plaintiff's health and safety.

26. As a result of the aforementioned conduct of defendants, plaintiff TELLONEY GAYLE was assaulted and battered and sustained physical injuries.

27. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees and dangerous inmates in their care, custody and control.

30. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Department of Correction included, but were not limited to, failing to protect inmates wherein defendants knew of and disregarded the excessive risk of harm to an inmate's health and safety posed by other dangerous inmates and/or engaging in a practice of inadequately staffing, monitoring, and overseeing inmates housed on Rikers Island.

34. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff TELLONEY GAYLE'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

35. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Department of Correction constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TELLONEY GAYLE.

36. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction were the direct and proximate cause of the constitutional violations suffered by plaintiff TELLONEY GAYLE as alleged herein.

37. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction were the moving force behind the Constitutional violations suffered by plaintiff TELLONEY GAYLE as alleged herein.

38. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction, plaintiff TELLONEY GAYLE was assaulted and injured.

39. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TELLONEY GAYLE' constitutional rights.

40. All of the foregoing acts by defendants deprived plaintiff TELLONEY GAYLE of federally protected rights.

41. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

44. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation

of such claim as aforesaid.

45. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

46. Plaintiff has complied with all conditions precedent to maintaining the instant action.

47. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(<u>Negligence under the laws of the State of New York</u>)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and the defendant JOHN and JANE DOE DOC officers who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

50. Defendant City, as employer of the designated DOC officers who engaged in the wrongful conduct described herein is responsible for their negligent acts under the doctrine of *respondeat superior*.

51. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who allowed plaintiff to be assaulted and battered in their presence.

54. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

55. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendant DOC officers.

58. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff TELLONEY GAYLE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 4, 2023

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff TELLONEY GAYLE
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: *Brett Klein*
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

TELLONEY GAYLE,

                                                          Plaintiff,

        Docket No.

     -against-

CITY OF NEW YORK, COSSETTE CHRISTIAN, Individually,
KATHERINE MURPHY, Individually, JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                                     Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132